IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA :
:
v. : Criminal No. DKC 11-0156
:
NASHA M. BARKSDALE :
:

**MEMORANDUM OPINION**

Appellant Nasha M. Barksdale appeals from a judgment issued by United States Magistrate Judge Thomas M. DiGirolamo on February 16, 2011, revoking her probation and sentencing her to a term of incarceration of nine months. For the reasons that follow, the judgment will be affirmed.

**I. Background**

On April 23, 2009, Appellant appeared before Judge DiGirolamo and pleaded guilty to driving under the influence of alcohol, in violation of 36 C.F.R. 4.23(a)(2), and driving without a license, in violation of Md. Code Ann., Transp. § 16-101. (ECF No. 1-5). Noting that Appellant was a "first offender" (ECF No. 11-1, at 10), the court sentenced her to a one-year term of supervised probation with conditions that she participate in a substance abuse treatment program, attend one victim impact meeting, refrain from driving until properly licensed, and complete forty hours of community service within

sixty days. The community service condition was imposed, upon Appellant's request, in lieu of a fine because she did not have steady employment at the time of her plea. (ECF No. 11-1, at 11-12).

Appellant failed to complete the community service condition within sixty days. In fact, she failed to satisfy that condition or attend a victim impact meeting within the original one-year term of her probation. Nevertheless, on April 5, 2010, the court "agreed to a modification to extend the period of supervision an additional six months in lieu of a revocation hearing to allow for completion of victim impact and [] community service." (ECF No. 11-3, at 5-6). When Appellant still had not satisfied those conditions by the time her modified expiration date approached, her probation officer filed a violation petition. (ECF No. 1-7). At a December 1 hearing, the court found that Appellant was in violation of her probation, but delayed sentencing until February 16, 2011, to permit her additional time to attend a victim impact meeting and complete community service. In urging Appellant to satisfy these conditions prior to the sentencing date, Judge DiGirolamo expressed his "sympath[y]" for the fact that Appellant was a single parent: "I know it is a tough thing to be raising kids without someone else for the support, [but] we [have] just got to get this done, okay?" (ECF No. 11-2, at 9).

At the February 16 sentencing hearing, the Government advised the court that Appellant had presented her probation officer with "a 40 hour summary of her alternative community service at the Food Bank" that was discovered to be "a forgery." (ECF No. 11-3, at 3). The Government asserted that "four hours [of the summary] [was] a legitimate record but the . . . 36 remaining hours[,] as well as the nice summary about what a pleasure she was to work with and how well she takes direction[,] was a forgery perpetrated by Ms. Barksdale." (*Id.*). In fact, Appellant had not completed the community service requirement, nor had she attended a victim impact meeting. Moreover, Appellant was "not a first time offender," as the court was originally led to believe. (*Id.*). Rather, she had a prior conviction in the District of Columbia for "credit card fraud," for which she served an eighteen-month term of probation. (*Id.* at 10). In consideration of these facts, the Government argued that a nine-month term of incarceration was appropriate.

Appellant's counsel did not dispute the Government's representations, but asked the court to "step back a little bit and look to see what is appropriate here considering all of Ms. Barksdale's circumstances." (*Id.* at 6). He observed that, over the course of Appellant's probation, she "completed [] drug treatment, . . . paid all the monies due [and] owing[,] . . .

maintained regular employment[,] . . . supported her dependents[,] . . . [had no] other offenses or arrests[, and] . . . [had] not been abusing any sort of drugs." (*Id*. at 6-7).[1] Counsel asserted that Appellant regretted "what has happened here" and "is worried about . . . [her] two children for whom she has physical custody, [and] whom she cares for every day." (*Id*. at 7). Counsel acknowledged that "maybe [Appellant] . . . needs to learn a lesson right now," but argued that "the amount of time that the Government is seeking here, nine months, is [not] necessary under Section 3553(a) to teach her a lesson and to otherwise appropriately punish her for her violation in this case." (*Id*. at 8). Considering the impact a term of incarceration would have on her children and that she would lose her job, which was "a significant component in terms of the punishment," counsel argued that "a 30 day jail sentence would be sufficient." (*Id*. at 9).

In rendering the sentence, Judge DiGirolamo stated as follows:

---

[1] The record reflects that Appellant was arrested during the term of her probation. According to a September 14, 2009, non-compliance summary, Appellant was "arrested in Washington, D.C., on May 23, 2009, and charged with [a]ssault," although this charge was later dropped. (ECF No. 1-6). Appellant's probation officer "reprimanded [Appellant] for failing to inform [him] of the arrest," and recommended that she be continued on probation. (*Id*.). Judge DiGirolamo adopted that recommendation on September 16, 2009.

4

> I placed Ms. Barksdale on probation on April 23rd, 2009 for 12 months [for] driving under the influence of alcohol and driving without a license.
>
> I guess I was convinced at that time that she was a first offender because it is pretty typical of a sentence I give to first offenders. . . .
>
> We can talk about what she has done and I guess she has gone to treatment and been tested and I guess she has not driven when she has been suspended or revoked.
>
> However, I ordered the 40 hours community service to be completed within 90 days,[2] [and] we are coming up on two years ago, [and] 40 hours . . . is not a lot. The Victim Impact Panel is even less, it is like a two hour meeting one time and that has not been done in almost two years.
>
> Now, I am hearing that this morning she gives a fraudulent document to try to provide the community service hours and that is doubly bad when you consider she has been convicted of credit card fraud several years ago.
>
> . . . .
>
> Ms. Barksdale commits what I consider one of the worst things you can do in trying to fraudulently put the Court in a position of believing one thing occurred when it did not. . . .
>
> I try to give people the benefit of the doubt, I try to bend over backwards to understand people's circumstances. I do not understand how you could not have completed 40 hours of community service in two years.

---

[2] In fact, she was ordered to complete this requirement within sixty days. (ECF No. 1-5, at 3).

> I do not understand how you could not have gone to a Victim Impact Panel meeting in two years and I do not understand how you could have tried to pass this thing off this morning.
>
> You have just put me in a position where you give me no choice frankly Ms. Barksdale. You have committed a very serious offense here ma'am.
>
> On the DUI charge it is going to be five months [in the] Bureau of Prisons. The no license charge is going to be four months . . . consecutive. She will be [sent] back today and that will be the end of it.

(ECF No. 11-3, at 11-13).

Appellant filed a timely notice of appeal on March 22, 2011. (ECF No. 1).[3] On May 27, she submitted a brief, raising the following issue:

> Is a nine-month sentence for a violation of a special condition of probation in a misdemeanor case unreasonable where the Magistrate Judge failed to address the applicable factors of 18 U.S.C. § 3553(a), failed to give an explanation for his choice of a nine-month sentence, and failed to address defense counsel's nonfrivolous reasons for why a sentence of more than thirty days was greater than necessary to meet the sentencing goals of § 3553(a)?

(ECF No. 11, at 1). The Government filed a responsive brief on June 27. (ECF No. 12). No reply was filed.

---

[3] The Government initially moved to dismiss the appeal as untimely, but later withdrew that motion in light of the fact that there was a delay in entering judgment.

## II. Standard of Review

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." *See also* 18 U.S.C. § 3742(h) ("An appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court, and this section shall apply . . . as though the appeal were to a court of appeals from a sentence imposed by a district court."). A sentence imposed by a magistrate judge is "scrutinized under the same standard that an appellate court would apply to a sentence imposed by a federal district court." *United States v. Clark*, 361 F.Supp.2d 502, 505 (E.D.Va. 2005). The United States Court of Appeals for the Fourth Circuit "review[s] probation revocation sentences, like supervised release revocation sentences, to determine if they are plainly unreasonable." *United States v. Moulden*, 478 F.3d 653, 656 (4th Cir. 2007). Accordingly, this court must determine whether Appellant's sentence was plainly unreasonable.

The Fourth Circuit set forth the relevant considerations in this analysis in *Moulden*, 461 F.3d at 656-57:

> In determining whether a revocation sentence is "plainly unreasonable," [*United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)] directs that we must first determine whether the sentence is unreasonable. . . .

7

> This initial inquiry takes a more "deferential appellate posture concerning issues of fact and the exercise of discretion" than reasonableness review for guidelines sentences. *Id*. at 439 (citations omitted). Of course, as always, the sentencing court must consider the policy statements contained in Chapter 7, including the policy statement range, as "helpful assistance," and must also consider the applicable § 3553(a) factors. *Id*. (citations omitted). At the same time, however, the sentencing court retains broad discretion to revoke a defendant's probation and impose a term of imprisonment up to the statutory maximum. *Id*. The court must provide a statement of reasons for the sentence imposed, as with the typical sentencing procedure, but this statement "need not be as specific as has been required" for departing from a traditional guidelines range. *Id*. Only if this modified "reasonableness" analysis leads us to conclude that the sentence was unreasonable, do we ask whether it is "plainly" so, "relying on the definition of 'plain' [used] in our 'plain' error analysis" - that is, "clear" or "obvious." *Id*. (citations omitted).

**III. Analysis**

Appellant argues that her sentence should be vacated and her case remanded for resentencing because it "is both procedurally and substantively plainly unreasonable." (ECF No. 11, at 5).

"A sentence may be procedurally unreasonable . . . if the [sentencing] court provides an inadequate statement of reasons or fails to make a necessary factual finding." *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006), *overruled in part on*

*other grounds by Gall v. United States*, 552 U.S. 38 (2007), *and Rita v. United States*, 551 U.S. 338 (2007), *as recognized in United States v. Diosdado-Star*, 630 F.3d 359, 363-67 (4th Cir. 2011). "When rendering a sentence, the [] court 'must make an individualized assessment based on the facts presented.' That is, the sentencing court must apply the relevant [18 U.S.C.] § 3553(a) factors to the specific circumstances of the case before it." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (emphasis removed; internal citation omitted) (quoting *Gall*, 552 U.S. at 50).[4] While a sentencing court need not "robotically tick through § 3553(a)'s every subsection," it must provide a statement of reasons sufficient to allow a reviewing court "to effectively review the reasonableness of the sentence." *United*

---

[4] Title 18 U.S.C. § 3553(a) provides, in relevant part:

> The court, in determining the particular sentence to be imposed, shall consider . . . (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and] . . . (2) the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; . . . (B) to afford adequate deterrence to criminal conduct; . . . (C) to protect the public from further crimes of the defendant; and . . . (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

9

*States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006) (internal marks omitted).

Appellant contends that her sentence is procedurally unreasonable because the magistrate judge "[c]ompletely ignor[ed] relevant § 3553(a) factors, including the need for criminal deterrence, public safety concerns, and the full spectrum of personal characteristics of the defendant." (ECF No. 11 at 8). According to Appellant, those personal characteristics "included maintaining two jobs, completing monthly probation reports, caring for her dependents, not incurring further drug, alcohol, or any other criminal charges, and satisfying three of five specific conditions of probation." (*Id.*).

While the court did not specifically mention the § 3553(a) factors at sentencing, it was not required to do so and the record as a whole demonstrates that the relevant factors were considered. To be certain, "the factor driving the sentence in this case, as the [] court made abundantly clear, was [Appellant's] own defiant intransigence." *United States v. Benton*, No. 10-4267, 2011 WL 2412546, at *4 (4th Cir. June 16, 2011). As the court explained, Appellant, having been afforded repeated extensions of time in which to complete the community service requirement and attend a single victim impact meeting, not only failed to satisfy those conditions over the course of

approximately two years after her initial sentence was imposed, but also attempted to misrepresent to the court that she had completed the community service requirement by submitting a forged document. Judge DiGirolamo additionally learned at the revocation sentencing hearing that Appellant was not a first-time offender, as the court was initially led to believe; rather, she had a prior conviction for fraud-related conduct, a fact that made her attempted fraud on the court "doubly bad." (ECF No. 11-3, at 12). These concerns implicated several of the relevant § 3553(a) factors. *See* 18 U.S.C. §§ 3553(a)(1)(A) (seriousness of the offense, promoting respect for the law, and providing just punishment), 3553(a)(2)(B) (deterrence to criminal conduct), 3553(a)(2)(C) (protecting the public from further crimes); *see also Moulden*, 478 F.3d at 658 (court "articulated clear and appropriate reasons under § 3553(a)" where its statement of reasons, "[e]ven if not couched in the precise language of § 3553(a), . . . [could] be matched to a factor appropriate for consideration under that statute and [were] clearly tied to [the defendant's] particular situation").

Appellant's argument that Judge DiGirolamo did not consider personal characteristics, as required under § 3553(a)(1), is similarly unpersuasive. Her contention that the court failed to consider that she "satisf[ied] three of five specific conditions of probation" (ECF No. 11, at 8), is somewhat akin to an

employee who, having been fired for failing to report to work forty percent of the time, complains that she was not credited for the sixty percent of the time she was actually on the job. Indeed, Appellant was required to satisfy all conditions of her probation; the fact that she satisfied only some does not militate in favor of a lesser sentence. Moreover, the record amply reflects that the court "ben[t] over backwards to understand [Appellant's] circumstances," as it suggested in rendering its sentence. (ECF No. 11, at 12). She was initially given a lenient sentence in light of the court's erroneous belief that she was a first-time offender; she was permitted to serve community service in lieu of paying a fine due to financial hardship; her probationary term was extended to permit her more time to satisfy all conditions; and after she was found in violation, sentencing was delayed, permitting her a further extension of time in light of the difficulties of "raising kids without someone else for support." (ECF No. 11-2, at 9). Having failed to take advantage of the court's generosity on multiple prior occasions, Appellant has no grounds for arguing that the court failed to consider her personal circumstances.

Because the court made an individualized assessment based on the facts presented, considering the relevant § 3553(a) factors and the specific circumstances of Appellant's case, its sentence was not procedurally unreasonable.

Nor was it substantively unreasonable, as Appellant further suggests. Substantive reasonableness review typically "entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007) (quoting *Gall*, 552 U.S. at 50). "A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." *Moreland*, 437 F.3d at 434. Where a sentence "is within the Guidelines range," a reviewing court "may, but [is] not required to, presume that the sentence is reasonable." *Pauley*, 511 F.3d at 473.

Here, Appellant faced a maximum penalty of a six-month term of incarceration and a fine of up to $5,000 for each of the offenses to which she pleaded guilty. (ECF No. 11-1, at 6). A federal offense punishable by a term of up to six months is considered a Class B misdemeanor, *see* 18 U.S.C. § 3559(a)(7), and the Guidelines do not apply to such offenses, *see* U.S. Sentencing Guidelines Manual § 1B1.9. "[A] sentence for 'an offense for which there is no applicable sentencing guideline' may be overturned by the reviewing court only if it is 'imposed in violation of law' or 'plainly unreasonable.'" *United States v. Reyes*, Criminal No. 1:08CR98, 2008 WL 5170184, at *4 (W.D.N.C. Dec. 9, 2008).

It is undisputed that the court was authorized to impose a term of incarceration of up to one year in sentencing Appellant for her probation violation. The nine-month term actually imposed was, therefore, not in violation of law. Moreover, considering the totality of the circumstances – including, Appellant's failure to satisfy the conditions of her probation over the course of approximately two years, and the fact that she had a prior fraud-related conviction that apparently served as no deterrent to her attempted fraud on the court at sentencing – her nine-month revocation sentence was eminently reasonable. *See United States v. Anderson*, 787 F.Supp. 537, 538 (D.Md. 1992) (considering past criminal record in assessing whether a sentence for a Class B misdemeanor was plainly unreasonable).

Because the court finds that Appellant's sentence was neither procedurally nor substantively unreasonable, it follows that it was not plainly unreasonable.

### IV. Conclusion

For the foregoing reasons, Appellant's judgment and sentence will be affirmed. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge